ANDREW NICOLA REALTY CORPORATION, Appellant, *v.* HENRY GREEN and Others, Defendants, Impleaded with ALBERT GROSS, Respondent.

First Department, May 24, 1929.

*Herman Kahn,* for the appellant.

*I. Nick Gordon,* for the respondent.

McAvoy, J. An order was made here vacating an order of arrest issued against defendant Gross, pursuant to which he had been arrested and held in bail of $10,000.

Plaintiff charges that defendants entered into a conspiracy to defraud it out of certain real estate in New York city, which it owned, by falsely representing that the defendant Green was the owner of certain mortgages on property in Pennsylvania which had been used as a distillery and as a warehouse prior to the adoption of the Prohibition Law, and which since had been used as a manufactory, which mortgages were of great value; that thereby plaintiff was induced to exchange real estate in New York city for the mortgages in Pennsylvania, in consequence of which plaintiff sustained damages in the sum of $216,500.

Nicola verified the complaint and the moving affidavit for the order of arrest, and an affidavit in opposition to the motion to vacate was also submitted by him. Affidavits were submitted by others alleging that the value of the property as stated by the Pennsylvania State Tax Commission was $26,000 before the buildings were destroyed by fire, and $10,000 since then, although they were represented by defendant as worth over $215,000.

The plaintiff made no personal investigation of the property either at the time of the transaction or at the closing of the title, did not even employ an attorney, and suspicions were not aroused until one week after, when the superintendent of the buildings which were exchanged notified Nicola, an officer of plaintiff, that defendants were moving truckloads of coal from the three buildings and the rugs in the hall. It was then that the plaintiff's representative went to Pennsylvania and discovered the true state of affairs — on which the order of arrest was issued. There were supporting affidavits by various persons in Pennsylvania as to the true character of the property. The plaintiff was induced by these false and fraudulent representations of the defendants to part with three large apartment houses in New York city, in which it had an equity of $186,000, and $5,500 in cash, for this very much depreciated property in Pennsylvania. After plaintiff

demanded a return of its property and returned the defendants' mortgages to them, a reconveyance of the New York property was thereupon immediately delivered. Defendants promised to return the $5,500, as well as the rents collected — nearly $15,000 — and the personal property removed — valued at $10,000 — but they failed to keep these promises. As a further result of these difficulties created by defendants, foreclosure actions against all three of the buildings were begun shortly after defendant reconveyed the same, and plaintiff's equity was entirely wiped out.

The affidavits upon which the order of arrest was granted fully and completely demonstrated the personal complicity and leadership of the defendant Gross in the said conspiracy and fraud. With respect to Gross, it was said that on the closing day he was personally present and personally directed the details in connection with the passing of the necessary papers.

One Levan, a postmaster of Lorane, Penn., said that he knew Gross personally, that Gross came to the property on a number of occasions since the purchase of the same, and that he was in charge of the sale of machinery and equipment, and on many occasions came to the property with other persons in connection with the proposed sale of the property. Deponent was informed by Gross, as well as by others, that he was the principal owner of the property and of the company — Lorane Estates — and controlled the same entirely.

The learned court at Special Term apparently set aside the order of arrest on the ground that he believed Nicola, the president of the plaintiff, was unworthy of belief, principally because he had been convicted of the crime of perjury in Kings county, N. Y. But indorsed on the indictment itself by which the conviction was shown, is a notation that an order in arrest of judgment was granted, discharging the defendant, and a statement by the court that the evidence was not sufficient to convict the defendant of any crime. This was apparently overlooked by the court, as well as the fact that the defendant Gross had four convictions against him; and any weight of the proof in the affidavits as affected by convictions was in favor of the credibility of plaintiff's president.

Likewise there is some procedural irregularity, since the defendant Gross' attorney, who appeared in the action originally, did not make the motion herein, the same being made by an attorney who was not substituted, and apparently has not yet been substituted, and he proceeded to bring the proceeding on without having the other attorney removed and himself installed as the representative of this defendant.

On the merits, however, we think that the court should have

rejected the affidavit of defendant Gross, because the affidavits upon which the order of arrest was originally issued against the defendant Gross show adequate and ample proof of said defendant's complicity as principal in the fraud, and his mere denial that he knew of the transaction is overcome by proof of others, apparently disinterested in the outcome of the case.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the order of arrest denied, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.